STATE OF MAINE

KENNEBEC, ss.

STATE OF MAINE
CIVIL ACTION
DOCKET NO. AP-03-13

DHM- KEN - 10/21/2003

JOHN P. COOK,

      Petitioner

  v.

**DECISION AND ORDER**

COMMISSIONER, MAINE
DEPARTMENT OF HUMAN
SERVICES,

      Respondent

DONAL     RECHT  DONALD L. GARB
    L       Y      LAW LIBRARY

    O(      03

OCT 21 200?

This matter is before the court on petition for review of final agency action pursuant to M.R. Civ. P. 80C.

This case is on appeal from a previously remanded decision, Docket AP-02-22. The petition concerns Petitioner John P. Cook's ("Petitioner") application for placement on the Maine Registry of Certified Nursing Assistants ("Registry"). Pursuant to 22 M.R.S.A. § 1812-G, the Department of Human Services ("DHS") is responsible for maintaining the Registry.

Petitioner, a Certified Nursing Assistant ("CNA"), applied for listing in the Registry for that position maintained by DHS. The application included the question, "Have you ever been convicted of any crime under the laws of any other state?" Cook selected the "yes" box and wrote the year "1985". The form also stated, "If you have answered 'Yes'... please attach court documents pertaining to each conviction." Cook had no documents with him at the time he completed the application, but was asked to provide the necessary documentation when he received it. Approximately three weeks later, Cook submitted a document from the "AAA Credit Screening Services" purporting to be a criminal record check. The AAA report reflected, "no record found."

Because it was clear on the face of Petitioner's application that a record existed even if AAA did not locate it, DHS directed Petitioner to obtain a report from the Federal Bureau of Investigation. However, DHS proceeded to place Petitioner on the Registry prior to receiving the FBI report. When Petitioner submitted the FBI report, it was clear that Petitioner had a substantial record of criminal convictions dating from the mid-1970s to the mid-1980s and that had led to extensive felony-level incarceration. Some time after the FBI report was received, DHS notified Petitioner that his application was denied because Petitioner allegedly attempted to obtain Registry placement by fraudulent or deceitful means.

Petitioner requested a hearing, which subsequently led to an 80C Petition in this court. This court granted the petition, determining that one of the rationale for DHS's decision ("failure to list detailed information as to the number of convictions, offenses, and prison sentences") was erroneous because a listing was never requested of Petitioner – neither on the application nor otherwise. The court remanded to the Commissioner of DHS, requiring DHS to determine whether the same conclusion would have been reached absent the "failure to list" rationale.

Upon remand, the hearing officer reversed his original recommendation and recommended to DHS that Petitioner did not seek Registry placement by misrepresentation, fraud, or deceitful means. DHS did not adopt the hearing officer's recommendation. Instead, DHS again determined that Petitioner sought placement by misrepresentation, fraud, or deceit. Petitioner then filed this 80C Petition.

When the decision of an administrative agency is appealed pursuant to M.R. Civ.P. 80C, this Court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if,

2

on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Board of Exam'r of Psychologists*, 2000 ME 206, ¶ 9, 762 A.2d 551, 555 (*citing CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261). In reviewing the decisions of an administrative agency, the Court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the Court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). The focus on appeal is not whether the Court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency. *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261. "Inconsistent evidence will not render an agency decision unsupported." *Seider*, 762 A.2d 551 (citations omitted). The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the Board's decision. *Id.* "The plain meaning of a statute always controls over an inconsistent administrative interpretation." *Nat'l Industrial Constructors, Inc. v. Sup't. of Insurance*, 655 A.2d 342, 345 (Me. 1995)(citation omitted).

Petitioner argues that DHS's decision on remand constitutes an error of law; abuse of discretion; and is unsupported by substantial record evidence. DHS maintains that its decision is none of the above, and that the hearing officer on remand misinterpreted his role.

The Rules and Regulations for the CNA Registry ("Rules") include the following:

> Any applicant who is found to have gained placement on the Registry based upon an application containing known misrepresentation(s) or fraudulent or deceitful means, shall be removed from the Registry.

"An individual is liable for fraud or deceit if he 1) makes a false representation, 2) of a material fact, 3) with knowledge of its falsity or in reckless disregard of whether it is true or false" and induces another to rely on the misrepresentation to his or her damage. *Francis v. Stinson*, 2000 ME 173, ¶ 38, 760 A.2d 209, 217. A claim for fraud must be supported by evidence that demonstrates the existence of fraud is "highly probable." *Id.*, ¶ 39.

This court's decision and order on the initial 80C Petition granted the petition, specifying that "...the hearing officer and Commissioner committed error insofar as the 'failure to list' rationale was used in reaching the final decision" because Petitioner was not required to list his convictions in the application process. The court remanded the matter to DHS for further consideration because it was "impossible to determine whether the hearing officer and the Commissioner would have arrived at the same ultimate conclusion if the 'failure to list' rationale were excluded."

This court's order on the initial 80C Petition also specified that, absent the one faulty rational for DHS's decision on the initial 80C appeal, there was substantial record evidence for the factual findings. Those extensive findings are delineated in the hearing officer's Corrected Recommended Decision of January 11, 2002. On remand, the hearing officer accepted the findings of the January 11, 2002 decision, and substituted two additional findings for the third paragraph:

> That October 19, 2000 report indicated that "AAA Credit Screening Services" had searched the records for Marshall County, Alabama, and found no criminal history records.

> At that time, Kelly Arsenault [of the division staff] believed that the report from "AAA Credit Reporting Services" was sufficient to verify John P. Cook's criminal history.

4

There is sufficient record evidence to support the Commissioner's decision (despite his refusal to accept the hearing officer's recommendation), including the additional findings of the hearing officer on remand.

The parties dispute whether DHS's interpretation of the AAA report was reasonable, particularly because the record makes plain that Petitioner notified DHS that the AAA report was inaccurate. Yet, DHS staff believed that the AAA report was sufficient to verify Petitioner's history because Petitioner had characterized his convictions as "minor," "petty," or "nothing major." Petitioner was not required to characterize his convictions, but he was certainly aware that his convictions were neither "minor" nor "petty" nor "nothing major." Such characterization certainly affected DHS's perception of the AAA report, and it is possible that DHS believed that Petitioner's alleged convictions would be of the type not even included on the Registry.[1] Even more, if convictions are greater than 10 years old and are a misdemeanor, they would not appear on a criminal record. The record is also plain that one of the DHS staff members helping Petitioner with his application understood that the characterization of "minor," "petty," or "nothing major" would refer to a misdemeanor. Further, Petitioner knew that the AAA report was inaccurate as far as representing his entire criminal history, and chose to submit that report to DHS regardless.

---

[1] Certain Class D and E convictions over 10 years old and not involving as a victim a patient, client or resident of a healthcare facility, are not included in the Registry.

For reasons stated herein, the entry will be:

The final decision of the Commissioner of the Department of Human Services dated February 4, 2003, in the matter of John P. Cook is AFFIRMED.

Dated: October 3, 2003

Donald H. Marden
Justice, Superior Court

Date Filed ___2/24/03___ ___Kennebec___ Docket No. __AP03-13__
                          County

Action ___Petition for Review___
                80C

# J. MARDEN

___John P. Cook___                    VS.    ___Commissioner, Department of Human Servi___

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Jennifer L. Thompson<br>XXXXXXXXXXXXXXXXXXXXX (student atty.)<br>246 Deering Avenue<br>Portland, Maine  04102 | Dale Denno, AAG<br>6 State House Station<br>Augusta, Maine  04333-006 |

| Date of Entry | |
|---|---|
| 2/24/03 | 80C Petition for Review of Final Agency Action, filed. s/Albert, (student atty.)<br>Application to Proceed Without Payment of Fees, filed. s/John P. Cook<br>Indigency Affidavit, filed. s/John P. Cook |
| 3/5/03 | Original Summons with return service made upon DHS, filed.<br>Acknowledgment of Receipt of Summons and Complaint or Post-Judgment Motion, filed. s/Dale Deno, AAG |
| ------- | Letter entering appearance, filed. s/Denno, AAG |
| 3/6/03 | ORDER ON APPLICATION TO PROCEED WITHOUT FEES, Marden, J. (dated 3/3/03^)<br>Copies mailed to attys. |
| 3/13/03 | Certified Record, filed.  s/D. Denno, AAG |
| 3/13/03 | Notice of briefing schedule mailed to attys. |
| 4/22/03 | Petitioner's 80C Appeal Brief, filed. s/Potter, Esq. |
| 5/9/03 | Respondent's 80C Appeal Response Brief, filed. s/Denno, AAG. |
| 5/19/03 | Petitioner's 80C Appeal Reply Brief, filed.  s/K. Albert, Esq. |
| 6/6/03 | Matter set for hearing on 8/1/03.  Notice issued to counsel/parties of record. |
| 7/21/03 | Appearance and Substitution of Counsel, filed. s/Thompson,Esq.<br>s/Burke, Esq.<br>Client Consent to Representation and Substitution of Counsel, filed.<br>s/Cook   s/Burke, Esq. |
| 8/1/03 | Hearing had with Hon. Justice Donald Marden, presiding.<br>Jennifer Thompson, student Atty. for the Plaintiff and Dale Denno, AAG<br>Oral arguments made before the court.<br>Court to take matter under advisement. |
| 10/6/03 | DECISION and ORDER, Marden, J. (dated 10/3/03)<br>     The final decision of the Commissioner of the Department of Human Services dated February 4, 2003, in the matter of John P. Cook is AFFIRMED |